UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WILLIAMS | No. 2:15-cv-1268-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1]  In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from August 3, 2011, his alleged disability onset date, through the date of the final administrative decision.  (ECF No. 17.)  The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No. 19.)  No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 3, 8.)

1

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

I.   BACKGROUND

Plaintiff was born on July 21, 1954, has a seventh grade education, is able to communicate in English, and previously worked primarily as a caregiver or home attendant. (Administrative Transcript ("AT") 35-37, 79-80, 239-41.)[2] In September 2011, plaintiff applied for DIB and SSI, alleging that his disability began on August 3, 2011, and that he was disabled primarily due to a learning disability and arthritis. (AT 79-80, 210-13, 214-22, 240.) After plaintiff's application was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on September 11, 2013, and at which plaintiff, represented by an attorney, testified. (AT 31-56.) The ALJ subsequently issued a decision dated December 6, 2013, determining that plaintiff had not been under a disability, as defined in the Act, from August 3, 2011, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 11-25.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 17, 2015. (AT 1-3.) Plaintiff then filed this action in federal district court on June 13, 2015, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.   ISSUES PRESENTED

On appeal, plaintiff does not challenge the ALJ's evaluation of the medical evidence, plaintiff's credibility, or plaintiff's residual functional capacity. Instead, plaintiff contends that the ALJ erred by finding that plaintiff could perform his past relevant work, or alternatively, that plaintiff could perform other work that exists in significant numbers in the national economy.

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

III.     LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.     DISCUSSION

A.     Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3]  As an initial matter, the ALJ determined that plaintiff

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing her past relevant work?  If so, the

3

met the insured status requirements of the Act for purposes of DIB through December 31, 2016. (AT 13.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since August 3, 2011, plaintiff's alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following medically severe combination of impairments: learning disorder; osteoarthritis of the left second finger; degenerative joint disease of the left hip; depressive disorder not otherwise specified; phonological disorder; anxiety disorder; tendonitis of the left shoulder; musculoskeletal strain/sprain of the cervical spine, thoracic spine, and lumbar spine; hypertension; and dyspnea. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 14.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a wide range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). He can lift and carry twenty pounds occasionally and ten pounds frequently with his left upper extremity. He can occasionally reach overhead with his left upper extremity. He can lift and carry fifty pounds occasionally and twenty-five pounds frequently with his right upper extremity. He can occasionally climb ladders, ropes or scaffolds. He can frequently climb ramps and stairs. He can frequently crawl, crouch, stoop and kneel. He must avoid concentrated exposure, i.e., intense, continuous, intractable, unremitting exposure, to pulmonary irritants. He can have more than frequent but less than constant face-to-face interaction with the general public. He can more than occasionally but less than frequently understand, remember and carry out complex and detailed job instructions.

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

(AT 16.)

At step four, the ALJ determined that plaintiff was capable of performing past relevant work as a home attendant. (AT 22.) The ALJ then proceeded to make an alternative step five determination, finding that, in light of plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. (AT 23-24.) Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from August 3, 2011, through the date of the ALJ's decision. (AT 24.)

B. <u>Plaintiff's Substantive Challenges to the Commissioner's Determinations</u>

*Whether the ALJ erroneously found at step four that plaintiff could perform his past relevant work*

In this case, the ALJ found that plaintiff was capable of performing his past relevant work as a home attendant as plaintiff actually performed that job. (AT 22-23.) <u>See</u> 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). According to plaintiff's work history report and testimony at the administrative hearing, that past job, which plaintiff performed from approximately 2001-2011 for 8 hours per day, five days per week, involved caring for a mentally disabled, but physically ambulatory male, and included household chores such as cleaning, washing, cooking, and ensuring that the person in his care was fed and properly clothed. (AT 39-41, 247.) Plaintiff represented that he was required to lift a maximum of 20-25 pounds in that prior job. (AT 242, 247.)

Plaintiff argues that the ALJ's assessed RFC is inconsistent with that prior job, because the ALJ found that plaintiff could only lift a maximum of 20 pounds with his left upper extremity, whereas the past job requires lifting up to 25 pounds. That argument is unpersuasive. As the ALJ noted, even though plaintiff can only lift up to 20 pounds with his left upper extremity, plaintiff, who is right-handed, has the ability to lift up to 50 pounds with his right upper extremity. (AT 24, 50-51.) Thus, although his past job requires him to lift up to 25 pounds, the ALJ reasonably found that plaintiff could use his dominant right upper extremity (or both upper extremities together), to execute such a task. Importantly, plaintiff, who has the burden at step four, points to no record evidence plausibly suggesting that plaintiff is required to lift up to 25 pounds

*specifically with his left upper extremity* due to a particular job function.  See, e.g., Gutierrez v. Astrue, 2012 WL 234366, at *2 (C.D. Cal. Jan 24, 2012) ("[G]enerally speaking, the requirement that an employee frequently use his hands to perform a job does not mean that he has to be able to use both hands."); Landrum v. Colvin, 2013 WL 3819675, at *6 (C.D. Cal. Jul. 23, 2013) (use of both arms not generally required for jobs involving frequent reaching) (collecting several other cases).

Accordingly, the ALJ rationally concluded that plaintiff could perform his past work as he actually performed it.

*Whether the ALJ erroneously found at step five that plaintiff could perform other work that exists in significant numbers in the national economy*

In light of the court's conclusion that the ALJ properly found plaintiff not disabled at step four, the court declines to reach any issue with respect to the ALJ's alternative findings at step five.

V.  CONCLUSION

In sum, the ALJ's decision was free from prejudicial legal error and supported by substantial evidence in the record as a whole.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is GRANTED.

3. The final decision of the Commissioner is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  August 15, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE